```
McGREGOR W. SCOTT
United States Attorney
SAMANTHA S. SPANGLER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2792
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff/Appellee,    )<br>)<br>v.                              )<br>)<br>KAREN SUE LOWRY,          )<br>)<br>    Defendant/Appellant.  )<br>)<br>_____) | CR.S-05-399 LKK<br>Mag. No. 03-50036 CMK<br><br>STIPULATION AND ORDER FOR STAY<br>OF EXECUTION OF SENTENCE<br>PENDING APPEAL TO DISTRICT<br>COURT OF MISDEMEANOR CONVICTION<br><br>COURT: Hon. Lawrence K. Karlton |

                             Stipulation

    Plaintiff/Appellee United States, through undersigned counsel, and Defendant/Appellant Karen Sue Lowry, personally and through undersigned counsel, stipulate that this Court may enter an order temporarily staying the execution of the sentence imposed by Magistrate Judge Kellison on September 27, 2005.  The parties agree that the Court may stay all three aspects of the sentence; specifically:  (1) the mandate that the defendant cease her residency on National Forest System Land on or before April 30, 2006; (2) the one-year term of unsupervised court probation; and (3) the implied requirement that the Forest Service provide the
///

1

defendant 24 hours' notice before entering the area surrounding her residence.

<u>Duration of the Stay:</u>  The parties agree that the Court may order that this stay of execution of the sentence shall remain in place until the earlier of July 31, 2006, or until 30 days after the Court issues a ruling on the merits of the appeal.  The parties further stipulate that, if this Court has not issued a ruling on the merits of this appeal by June 30, 2006, the defendant may file a motion for a further stay of execution of the sentence and notice that motion for hearing before July 31, 2006.[1]

<u>Conditions of the Stay:</u>  In exchange for the government's agreement to enter into this stipulated stay of execution of the sentence, the defendant agrees to abide by all of the following terms and conditions while the stay remains in effect.

1.   The defendant shall not construct (or cause or allow to be constructed) on the property[2] any additional buildings or other structures, including but not limited to residential buildings, garages, sheds, outbuildings, fences, corrals, decks, and holding tanks.

2.   The defendant shall not bring (or cause or allow to be brought) onto the property any additional mobile homes, motor homes, travel trailers, campers, tent trailers, tents, or other structures

---

[1] Nothing in this stipulation is intended to foreclose the defendant from seeking a stay of execution of the sentence while any appeal is pending in the Ninth Circuit.

[2] "The property" refers to all areas of land identified by the government as National Forest System Lands where the defendant currently resides and maintains items of personal property as well as all areas of such land to which she claims occupancy rights.

that may be used for residency, either permanent or temporary.

3. The defendant shall not bring (or cause or allow to be brought) onto the property any additional automobiles or other methods of conveyance (including boats and airplanes), whether operational or not. If the defendant requires a different vehicle for transportation than her current vehicle, she may bring a different vehicle onto the property only if, within five days, she removes a vehicle that is already on the property.

4. The defendant shall not allow any additional tenant or other person (either adult or child) to reside on the property either in her personal residence or in any other structure on the property.[3]

5. The defendant shall not bring (or cause or allow to be brought) any additional animals onto the property.

6. The defendant shall keep confined to the existing corral any livestock (including horses and mules) which she already possesses.

7. The defendant shall not construct or maintain (or cause or allow to be constructed or maintained) any additional road or trail.

8. The defendant shall not cut down (or cause or allow to be cut down) any trees or bushes of any size, and she shall not cut (or

---

[3] This language is not intended to foreclose any members of the Karuk Tribe or any other member of the public from camping on National Forest System Lands within the area to which the defendant claims occupancy rights, either for ceremonial, recreational, or other purposes. Nor is anything in this agreement intended to grant to any member of the Karuk Tribe or any other member of the public any rights, or any exemption from any restrictions, pertaining to camping or other occupancy on any National Forest System Lands, and all such persons remain responsible for obtaining appropriate authorizations from the United States Forest Service.

3

cause or allow to be cut) any downed trees or bushes, without first obtaining a permit from the United States Forest Service.

9. The defendant shall not bring (or cause or allow to be brought) any personal property of any kind, including but not limited to junk, debris, rubbish, or trash, onto the property that is not confined within her personal residence.

10. The defendant shall not conduct any outdoor burning (or cause or allow any burning) of trees, brush, underbrush, rubbish, trash, etc., without first obtaining a permit from the United States Forest Service.

So stipulated.

DATED: March 14, 2006                McGREGOR W. SCOTT
                                     United States Attorney

                              by     s/ Samantha S. Spangler
                                     Samantha S. Spangler
                                     Assistant U.S. Attorney

DATED: March 28, 2006                DANIEL J. BRODERICK
                                     Federal Defender

                              by     s/ Carolyn M. Wiggin
                                     Carolyn M. Wiggin
                                     Assistant Federal Defender

DATED: March 28, 2006                s/ Karen Sue Tripp Lowry
                                     KAREN SUE LOWRY
                                     Defendant

## Order

Good cause appearing, the same is hereby ordered.

IT IS SO ORDERED.

DATED: April 5, 2006.                /s/ Lawrence K. Karlton
                                     LAWRENCE K. KARLTON, Judge
                                     United States District Court

4